UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HARDEEP SINGH,

                    Petitioner,

          v.

MARKWAYNE MULLIN, *et al.*,

                    Respondents.

CASE NO. 2:26-cv-01730-GJL

ORDER ON PETITION FOR WRIT
OF HABEAS CORPUS

Petitioner Hardeep Singh ("Petitioner") is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1 at ¶ 12; Dkt. 8 at ¶¶ 8, 11. On May 20, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody.[1] Dkt. 1 at ¶ 11.

Respondents to the Petition include Markwayne Mullin (Secretary of the United States Department of Homeland Security ("DHS")), Todd Blanche (Acting Attorney General of the United States), Bruce Scott (Warden of the NWIPC), Julio Hernandez (Acting Field Office

---

[1] The parties have consented to proceed in this matter before a United States Magistrate Judge. *See* Dkt. 4.

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 1

Director for ICE's Seattle Field Office), and David J. Venturella (Acting Director of U.S. Immigration and Customs Enforcement) (collectively "Respondents").

On May 21, 2026, the Court ordered Respondents to show cause why a writ of habeas corpus should not be granted. Dkt. 3. The Petition has been fully briefed. Dkts. 1, 6, 9.

Having considered the Parties' submissions, the balance of the record, and the governing law, the Court **GRANTS** the Petition (Dkt. 1) and **ORDERS Petitioner's conditional release** as set forth in the conclusion below.

## I.      FACTUAL BACKGROUND

Petitioner is a citizen of India who was apprehended by United States Customs and Border Protection shortly after he entered the U.S. without inspection in April 2022. Dkt. 1 at ¶ 1; Dkt. 6 at 2. Petitioner was issued a Form I-200, Warrant for Arrest of Alien, and a Notice to Appear ("NTA"), charging him as inadmissible under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). Dkt. 6 at 2.

Petitioner was subsequently released on an Order of Release on Recognizance ("OREC") on May 2, 2022. *Id.*; Dkt. 7-3 at 2. The OREC stated it was issued "[i]n accordance with section 236 of the Immigration and Nationality Act [codified at 8 U.S.C. § 1226]." Dkt. 7-3 at 2; Dkt. 7-4 at 2. At the same time, Petitioner was also enrolled in an Alternative to Detention ("ATD") program, which included weekly biometric reporting through a smartphone application and, later, a GPS tracking device. Dkt. 8 at ¶¶ 5, 7.

Upon his release, Petitioner filed a Form I-589, Application for Asylum, Withholding of Removal, and Protection under the Convention Against Torture on August 9, 2022. Dkt. 1 at 2. That application remains pending before the Seattle Immigration Court. *Id.* Petitioner has also filed a pending U-visa petition with USCIS based on his victimization in a qualifying violent

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 2

crime in Washington and his cooperation with law enforcement. *Id.* Petitioner has lived in Washington for the past four years since his release in May 2022. *Id.*

Respondents allege Petitioner "accumulated multiple OREC violations between August 3, 2024, and January 27, 2026" including "two missed office visits and two additional failed home visits." Dkt. 6 at 2, 6. Respondents submit Petitioner's Form I-213, Record of Deportable/Inadmissible Alien, as evidence of the OREC violations. Dkt. 7-5 at 3, 4. This form indicates ten of the violations occurred almost two years ago in August and September 2024: three "Tracker Low Battery" violations, four "Tracker Missed Callback" or "Tracker Still Missed Call" violations, two missed office visits, and one failed home visit. *Id.* The other violations listed on Petitioner's Form I-213 are "Master Zone Leave Alert" violations which occurred over a year ago between January and March 2025. *Id.* Only one violation occurred in the last year, which is identified as a failed home visit on January 27, 2026. *Id.*

On May 7, 2026, over one year subsequent to most of these alleged violations and more than three months following the last, Petitioner appeared for a scheduled ICE check-in appointment in compliance with his reporting requirements. Dkt. 1. At ¶ 5. During that appointment, ICE officers re-detained him without prior written notice, without a pre-deprivation hearing, and without a neutral determination that Petitioner posed a danger to the community or a flight risk. *Id.* Respondents argue "Petitioner was re-detained . . . because he had violated the terms of his release" although the warrant for Petitioner's arrest issued on May 7, 2026, omits this justification. Dkt. 6 at 2; Dkt. 7-6 at 2.

Petitioner disputes the violations listed on Form I-213 as internal agency records "generated by the same agency that made the detention decision" and lacking any independent review of their accuracy, significance, or context. Dkt. 9 at 5. Petitioner also states he "was not

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 3

informed of the specific allegations against him before his arrest" nor "afforded an opportunity to explain, rebut, or challenge the alleged violations." *Id.* at 7.  Petitioner further directs the Court to the timeline of the violations in which the "vast majority . . . occurred months before Petitioner's May 7, 2026 detention[,]" but Respondents "nevertheless continued supervising Petitioner in the community and permitted him to remain at liberty." *Id.* at 8.

It is undisputed that Petitioner does not have a criminal record. *Id.* at 10; Dkt. 1 at ¶ 28; Dkt. 7-5 at 4.

## II.    LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To obtain habeas relief, a habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

Despite their initial position that Petitioner's detention is required by statute, Respondents acknowledge that recent decisions from this District have rejected their theory that individuals who—like Petitioner—were released by DHS and free to live in the United States for months and years on their own recognizance are "applicants for admission" subject to mandatory detention under Section 1225(b). Dkt. 6 at 5 (citing *Rana v. Bondi*, No. 2:26-cv-00244-TL, 2026

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 4

WL 472800, at *3 (W.D. Wash. Feb. 19, 2026)). Respondents are correct—this Court has previously rejected their mandatory detention argument and does so again here.

Even assuming *arguendo* Respondents acted within their statutory authority to detain Petitioner, this would not obviate their obligation to comply with due process. *See P.T. v. Hermosillo*, No. 25-cv-2249-KKE, 2025 WL 3294988, at *2 (W.D. Wash. Nov. 26, 2025) ("To the extent that the Government's briefing suggests that Section 1225(b) should be the beginning and end of the Court's inquiry, this position is emphatically rejected. In determining the lawfulness of Petitioner's detention, the Court will focus not on the Government's claimed authority to detain, but the process by which Petitioner was detained."); *Francois v. Wamsley*, No. C25-2122-RSM-GJL, 2025 WL 3063251, at *3 (W.D. Wash. Nov. 3, 2025) ("Any argument that ICE acted within its [statutory] authority has no [e]ffect on a claim contending that detention violates Constitutional Due Process."). Thus, the Court must determine whether Petitioner's re-detention without prior notice or hearing complied with due process.

The Court finds Respondents violated Petitioner's right to due process when they revoked Petitioner's prior release without providing adequate notice or an opportunity to be heard. Dkt. 1 at ¶¶ 5–10. Procedural due process demands meaningful notice and a genuine opportunity to be heard before the federal government infringes upon a liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Courts in the Ninth Circuit apply the *Mathews* balancing test in immigration detention cases, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the Government's countervailing interest, including fiscal and administrative burdens. Dkt. 6 at 6 (applying the *Mathews* balancing test); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022); *see also Abghari v. Hermosillo*, No. 2:26-cv-00269-JNW, 2026 WL 503317, at *4

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 5

(W.D. Wash. Feb. 24, 2026) (collecting cases); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025) (collecting cases).

All three *Mathews* factors weigh in favor of Petitioner. First, he has a protected liberty interest against re-detention following his prior release in 2022. Dkt 6 at 6 (recognizing the "weighty liberty interests implicated by the Government's detention of noncitizens" without further argument); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *Zadvydas*, 533 U.S. at 696; *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. Mar. 3, 2025) ("The Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty.") (citing, *e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

Second, the absence of pre-deprivation procedures created an unacceptably high risk of erroneous deprivation. *See E.A. T.-B.*, 795 F. Supp. 3d at 1324. Respondents argue that a pre-deprivation hearing was not necessary because "Petitioner's re-detention qualifies as a special case due to his multiple and various OREC violations." Dkt. 6 at 6. However, the merits of a petitioner's re-detention simply cannot serve as a *post hoc* justification for the deprivation of constitutionally required due process.

As courts in this District have concluded, especially where the petitioner disputes such violations, "[u]ltimately, factual disputes like these 'should be resolved at a pre-deprivation hearing, rather than resolved after the fact by this Court.'" *Espinoza Palacios v. Hermosillo*, No. 2:26-CV-491-JNW, 2026 WL 686138, at *8 (W.D. Wash. Mar. 11, 2026) (quoting *Tesara v. Wamsley*, No. 25-CV-1723-KKE-TLF, 2025 WL 3288295, at *5 (W.D. Wash. Nov. 25, 2025), and citing *Ramirez Tesara*, 800 F. Supp. 3d at 1137 (discussing factual disputes involving alleged ATD violations)).

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 6

Worse yet, Respondents' reliance upon these alleged violations is considerably weakened by the lengthy delay between these acts and Petitioner's re-detention. Such a delay does not appear to square with the aggressive action Respondents have taken in other cases where OREC or similar Order of Supervision violations may have justified re-detention. *See e.g.*, *Szvak v. Warden, APC DVA Complex*, No. 25- CV-2629-JFW-MAA, 2026 WL 485762, at *4 (C.D. Cal. Feb. 19, 2026). Based on the lengthy delay with which Respondents acted on any violations, Petitioner's apparent OREC compliance since March 2025 (with the singular exception of January 27, 2026), and Petitioner's disputes concerning the OREC violations, the Court is not persuaded that this is a "special case."

Accordingly, the Court finds the second factor weighs in favor of Petitioner. *See Singh v. Noem*, No. 2:26-CV-00246-BAT, 2026 WL 592265, at *2 (W.D. Wash. Mar. 3, 2026) (holding the same where Petitioner was not arrested and detained based upon a recent and specific OREC violation, but months after the most recent violation); *Ramirez Tesara*, 800 F. Supp. 3d at 1137 (finding the same despite records showing "approximately 40 ATD violations between February 2024 and July 2025").

Third, the governmental interest in Petitioner's re-detention without a hearing is minimal or non-existent. *E.A. T.-B.*, 795 F. Supp. 3d at 1324; *see also Abghari v. Hermosillo*, No. 2:26-cv-00269-JNW, 2026 WL 503317, at *4 (W.D. Wash. Feb. 24, 2026). Respondents argue that they have a "strong interest" in preventing noncitizens from remaining in the United States in violation of the law and from "protecting immigration proceedings from unnecessary delay." Dkt. 6 at 7. However, it is difficult to discern how those interests could be compromised by a pre-deprivation hearing. *Tesara*, 2025 WL 3288295, at *6. Moreover, Petitioner's alleged violations occurred months before Respondents acted upon them, and Respondents have had

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 7

ample opportunity to address any and all of the alleged violations but have neglected to take any action until now. Dkt. 7-5 at 3, 4; Dkt. 9 at 10. This delay raises serious doubts about the urgency of addressing the Respondents' interests or doing so without procedural safeguards. *See Tesara*, 2025 WL 3288295, at *6.

In sum, irrespective of whether re-detention was authorized or warranted, the Constitution guarantees notice and an opportunity to be heard before Petitioner can be removed from his family, home, employment, and community. Such disruptions to the life of this individual are constrained by the constitutional guarantee of providing a pre-deprivation notice and hearing required by application of the *Mathews* factors in this case. *See, e.g., P.T. v. Hermosillo*, 2025 WL 3294988, at *4 (collecting cases); *G.S.*, 2026 WL 179962, at *3 (same). Courts in this District have repeatedly held that "[a]lthough [Respondents are] permitted to re-detain noncitizens who fail to comply with the conditions of release, [Respondents] remain[] subject in all respects to an obligation to effectuate that re-detention in a manner that comports with the Fifth Amendment." *Vasilchuk v. Immigr. & Customs Enf't Field Office Dir.*, No. C26-0038-JLR, 2026 WL 575327, at *2 (W.D. Wash. Mar. 2, 2026); *see also Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent."). Indeed, these processes serve "as a crucial bulwark against the unfettered disregard of individual liberty interests." *Id.* at *3.

Accordingly, the Court finds that, in re-detaining him without prior notice and an opportunity to be heard, Respondents violated Petitioner's procedural due process rights. Petitioner is, therefore, entitled to habeas relief for these constitutional deprivations.

## IV.    REMEDY

Having determined that Petitioner was subject to re-detention without the constitutionally required process, the Court now determines the appropriate remedy for the unlawful confinement. Petitioner requests immediate release from confinement at NWIPC, but Respondents argue that "Petitioner's re-detention, at most, call[s] for a post-detention bond hearing[.]" Dkt. 1 at 13; Dkt. 6 at 8.

The Court concludes that an order of conditional release is the appropriate remedy. As noted, "the traditional function of the writ is to secure release from illegal custody." *Preiser*, 411 U.S. at 484. "In modern habeas practice, courts often 'employ a conditional order of release,' which orders the [G]overnment to release the petitioner unless it 'takes some remedial action' that corrects" the Government's violation of the law. *Cardozo v. Bostock*, No. 2:25-CV-00871-TMC, 2025 WL 2592275, at *2 (W.D. Wash. Sept. 8, 2025) (quoting *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008)). After issuing a conditional writ, a district court retains jurisdiction to ensure compliance with the writ and may order unconditional release if the government fails to comply with the initial habeas order. *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020). Other courts in this District have ordered conditional release where, for example, the record showed that ICE officials performed some individualized assessment of flight risk, dangerousness, or noncompliance with release conditions before re-detaining a petitioner. *See, e.g.*, *Singh v. Noem*, No. 2:26-cv-00246-BAT, 2026 WL 592265, at *3 (W.D. Wash. Mar. 3, 2026) (ordering conditional release where "Respondents claim to have detained Petitioner due to several violations of the OREC and Petitioner fails to rebut that asserted justification"); *Balwan*, 2026 WL 497098, at *5 (similar).

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 9

The Court determines that an order of conditional release requiring the provision of a prompt post-deprivation bond hearing is sufficient to cure the due process violations incurred in Petitioner's re-detention. Respondents have submitted specific evidence demonstrating that, while Petitioner was not provided written notice or an opportunity to be heard on the reasons for his re-detention as required by due process, immigration officials may have performed an individualized assessment and determined that Petitioner's continued release posed a flight risk or a danger to the community. *See* Dkt. 7-5 at 3,4; Dkt. 8 at ¶ 8.

Therefore, before requiring his unconditional release from immigration detention, the Court provides Respondents with the opportunity to support Petitioner's continued detention at a prompt bond hearing held before an immigration judge. At that bond hearing, Respondents must provide clear and convincing evidence demonstrating that, if released, Petitioner would pose a flight risk or a danger to the community. *See Balwan*, 2026 WL 497098, at *5 (noting that clear and convincing evidence standard was appropriate when fashioning a remedy, even if such a standard were not required "as a general matter" for all noncitizens re-detained following release); *Singh*, 2026 WL 592265, at *3 (noting circuit split on evidentiary standard for post-deprivation bond hearings and concluding it was "reasonable" to impose clear and convincing evidence standard to remedy due process violation).

### V.    CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** the Petition for writ of habeas corpus (Dkt. 1) and **ORDERS** as follows:

(1)    Respondents **SHALL** provide Petitioner with a bond hearing before an immigration judge **within seven days of this Order** at which the Government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community;

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 10

(2)   If a bond hearing is not provided **within seven days** of the date of this Order, Respondents **SHALL release** Petitioner from custody immediately under the conditions of his prior release;

(3)   Respondents **SHALL file** a declaration with the Court confirming that Petitioner received a bond hearing—and the results of that hearing—or otherwise confirming his release by **July 30, 2026**; and

(4)   Respondents **SHALL NOT re-detain** Petitioner without adequate notice and an opportunity to be heard.

Finally, the Court will entertain post-judgment requests for attorney's fees, as requested in the Petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 22nd day of July, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 11