UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HARDEEP SINGH,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

CASE NO. 2:26-cv-01730-GJL

ORDER DIRECTING SUPPLEMENTAL BRIEFING

Petitioner Hardeep Singh ("Petitioner") is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1 at ¶ 12; Dkt. 8 at ¶¶ 8, 11. Before the Court is Petitioner's Motion to Enforce ("Motion"), requesting the Court find Respondents have not satisfied the requirements of the conditional writ entered in this case on July 22, 2026, (*see* Dkts. 10, 11) and consequently seeking to enforce the conditional writ by ordering Petitioner's immediate release.[1] Dkt. 13.

//

//

[1] The parties have consented to proceed in this action before a United States Magistrate Judge. Dkt. 4.

Having considered the Parties' submissions,[2] the balance of the record, and the governing law, the Court **DIRECTS** the parties to file supplemental briefing as set forth in the conclusion below.

## I. DISCUSSION

On May 20, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody. Dkt. 1 at ¶ 11. On July 22, 2026, this Court granted, in part, the Petition for writ of habeas corpus and ordered Respondents to provide Petitioner with a bond hearing before an Immigration Judge during which the Government would bear the burden of proof by clear and convincing evidence that Petitioner is either a flight risk or a danger to the community or, in the alternative, to release Petitioner from custody if the bond hearing was not timely held. Dkt. 10 at 10–11. The Court further ordered Respondents to file a declaration with the Court confirming that Petitioner received the bond hearing—and the results of that hearing—or otherwise confirm Petitioner's release. *Id.*

On July 29, 2026, Respondents filed a declaration which stated that Petitioner was provided a bond hearing but was denied bond based upon the Immigration Judge's ("IJ") determination that Petitioner was a flight risk. Dkt. 12 at ¶ 2. Respondents also filed the resulting order, which was a two-page, "checkbox" form captioned "Habeas Corpus Pre-Deprivation Custody Order of the Immigration Judge." Dkt. 12-1.

On August 11, 2026, having found no reference in the record to the evidentiary standard applied during the bond hearing, the Court ordered Respondents to file a contemporaneous recording or transcript of the July 29, 2026, bond hearing and show cause why the Court should

[2] In the Court's August 11, 2026, Order to Show Cause, the Court permitted Petitioner to file a Reply on or before August 20, 2026. Dkt. 15 at 3. Petitioner filed a Reply on August 21, 2026, stating that he has not yet been served the contemporaneous recording or transcript of the July 29, 2026, bond hearing. Dkt. 19 at 6–7. Accordingly, the Court finds good cause to accept and consider Petitioner's Reply.

not enforce the conditional writ. Dkt. 15 at 2–3. Respondents timely filed with the Court two compact disks containing a digital audio recording of the bond hearing. *See* Dkt. 18. Respondents also stated they would "provide Petitioner's counsel with a digital version of the bond hearing audio." Dkt. 18 at 1 n.1.

Petitioner's counsel states that he has not yet received the bond hearing audio. Dkt. 19 at 7 ("Respondents have not provided that digital recording to Petitioner's counsel."). Moreover, Petitioner's counsel argues he was unable to attend the bond hearing, know the contents of the bond hearing, and otherwise challenge the sufficiency of the bond hearing because Respondents incorrectly noticed Petitioner's asylum proceedings counsel instead of his habeas proceedings counsel. Dkt. 19 at 2–5.

Thus, Respondents have placed counsel for Petitioner's habeas proceedings in a position where he can only speculate as to what occurred during the bond hearing while he attempts to challenge that very hearing. Accordingly, the Court finds good cause to direct Respondents to certify that the contemporaneous recording of the July 29, 2026, bond hearing was served upon Petitioner and permit supplemental briefing to address any issues raised by any newly discovered facts.

## II. CONCLUSION

For the above stated reasons, the Court **ORDERS** as follows:

1. On or before **September 23, 2026**, Respondents **SHALL FILE** a certificate of service certifying that they served Petitioner's counsel, Jashan Multani of Multani Law Group, an accessible and accurate copy of the contemporaneous recording of the July 29, 2026, bond hearing that was filed with the Court and noticed in Dkt. 18;

2. Petitioner **SHALL FILE** a supplemental brief **on or before September 30, 2026**, or **within seven days** of receipt of the bond hearing recording, whichever date occurs later. The supplemental brief shall be no more than 8 pages;

3. Respondents **SHALL FILE** a response to Petitioner's supplemental brief **on or before October 7, 2026**, or **within seven days** of the filing date of Petitioner's supplemental brief, whichever date occurs later. The response shall be no more than 8 pages;

4. Petitioner **MAY FILE** a reply to Respondents' response **on or before October 12, 2026**, or **within five days** of the filing date of Respondents' response, whichever date occurs later. The reply shall be no more than 5 pages; and

5. The Clerk is **DIRECTED** to **RE-NOTE** the Motion to Enforce (Dkt. 13) for consideration on **October 12, 2026**.

Dated this 22nd day of September, 2026.

Grady J. Leupold
United States Magistrate Judge