UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HARDEEP SINGH,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

CASE NO. 2:26-cv-01730-GJL

ORDER ON PETITIONER'S MOTION TO ENFORCE THE WRIT OF HABEAS CORPUS

Petitioner Hardeep Singh ("Petitioner") is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1 at ¶ 12; Dkt. 8 at ¶¶ 8, 11. Before the Court is Petitioner's Motion to Enforce ("Motion"), requesting the Court find Respondents have not satisfied the requirements of the conditional writ entered in this case on July 22, 2026, (hereafter, the "Order") (*see* Dkts. 10, 11) and consequently seeking to enforce the conditional writ by ordering Petitioner's immediate release.[1] Dkt. 13.

[1] The parties have consented to proceed in this action before a United States Magistrate Judge. Dkt. 4.

On August 11, 2026, having found no reference in the record to the evidentiary standard applied during the bond hearing, the Court ordered Respondents to file the contemporaneous recording or transcript of the July 29, 2026, bond hearing and show cause why the Court should not enforce the conditional writ. Dkt. 15. The Motion has been fully briefed.[2] Dkts. 13, 16, 19, 22, 24.

Having considered the Parties' submissions, the balance of the record, and the governing law, the Court **GRANTS IN PART** the Motion (Dkt. 13) and orders relief as fashioned in the conclusion below.

## I. BACKGROUND

Petitioner retained Multani Law Group, PLLC, including Attorney Jashan Multani, to challenge his immigration detention through a petition for writ of habeas corpus. Dkt. 13-2 at ¶ 3. On May 20, 2026, on Petitioner's behalf, Mr. Multani filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody. *Id.*; Dkt. 1 at ¶ 11. Separately, Petitioner retained Malik Law, PPLC, including Attorney Richa Malik, to represent him in his underlying removal and asylum proceedings. Dkt. 13-2 at ¶¶ 4, 6.

On July 22, 2026, in response to the Petition filed by Mr. Multani, this Court issued an Order, finding that Respondents had violated Petitioner's procedural due process rights when they re-detained him without prior notice and an opportunity to be heard. Dkt. 10 at 8. Accordingly, the Court directed Respondents to "provide Petitioner with a bond hearing before an immigration judge within seven days of [the] Order at which the Government bears the

[2] In the Court's August 11, 2026, Order to Show Cause, the Court permitted Petitioner to file a Reply on or before August 20, 2026. Dkt. 15 at 3. Petitioner filed a Reply on August 21, 2026, stating that Respondents had not yet served him the contemporaneous recording or transcript of the July 29, 2026, bond hearing. Dkt. 19 at 6–7. The Court found good cause to accept and consider Petitioner's Reply. Dkt. 20 at 2 n.2.

burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community[.]” Dkt. 10 at 10–11.

On July 23, 2026, in an attempt to comply with the Order, Respondents issued notice for a “habeas corpus bond hearing,” but directed it to Malik Law, PLLC and Ms. Malik, Petitioner’s counsel for his underlying removal proceedings, rather than Petitioner’s counsel for his habeas proceedings which secured the bond hearing. Dkt. 13-2 at ¶ 6; Dkt. 16 at 1; Dkt. 17-2. On July 28, 2026, one day before the bond hearing, a representative of Malik Law, PLLC entered her appearance for the bond hearing. Dkt. 17-3 at 2. The representative did not submit evidence on Petitioner’s behalf prior to the bond hearing as is customary. Dkt. 13-2 at ¶ 10.

On July 29, 2026, an Immigration Judge (“IJ”) conducted a bond hearing within seven days of the Court’s Order. Dkt. 12-1 at 2–3. Notably, during that hearing, Ms. Malik, Petitioner’s removal counsel, requested a continuance on the grounds that she was not prepared to submit evidence on the Petitioner’s behalf because a different attorney had litigated the habeas proceeding and requested the bond hearing. Hr’g Audio File, at 1:48–2:09, Immigr. Ct. (recorded Jul. 29, 2026) (on file with Clerk’s Office). The IJ’s sole reasoning for denying the continuance was the Order’s seven-day deadline:

> **Ms. Malik:** “I did not submit any documents because I, the habeas was filed by somebody else, and if the hearing requires the [Petitioner] to submit anything in support of his bond hearing, then I would like to have another one, and if it doesn’t require any kind of like sponsor documents on his behalf then we can go forward.”
>
> **IJ:** “Well I find it shocking that you, [Petitioner], would go to the lengths to get a habeas and then fail to submit any evidence at the requested bond hearing, so let me look at the Order. … Let me see what the Order advises. … The Court is complying with the habeas and … the bond must be held today. Looking at the Order, … [it] must be held within seven days of the Order. Government bears the burden of proof. Counsel, have you even reviewed the record?”
>
> **Ms. Malik:** “Your Honor, I was traveling. I was not able to. That is why I asked the Court if there is a possibility we can redo the hearing. … If the burden is on the

> Government, I do understand, but I need to familiarize myself with respect to everything, so I would appreciate …"
>
> **IJ:** "Counsel, I don't believe I have the authority to continue it. I will follow the habeas Order, the writ, which says the Court *shall* conduct the hearing today. So, I deny your request for continuance."

Hr'g Audio File, at 1:48–4:06, Immigr. Ct. (recorded Jul. 29, 2026) (on file with Clerk's Office).

After denying the request for continuance, the IJ called upon an interpreter for the Punjabi language, confirmed Petitioner's best language was Punjabi, and told Petitioner, "This is a bond proceeding that you sought before federal district court, and the [Immigration] Court is following the guidance of that [O]rder. You hired a different attorney for this hearing." *Id.* at 6:10–7:37. Petitioner stated, "Yes." *Id.*

During the hearing, the IJ placed the evidentiary burden of proof on the Government and required the Government to present its evidence first. *Id.* at 1:32, 4:06, 7:42–10:27. When the IJ asked for Petitioner's evidence in response to the Government's showing, Ms. Malik did not have any rebuttal evidence to present in Petitioner's defense. *Id.* at 10:55–11:32. Subsequently, the IJ questioned Petitioner directly, via the translator, regarding the *Guerra* factors. *Id.* at 13:30–30:52. Ultimately, the IJ found the Government had established Petitioner was a flight risk. *Id.* at 34:28–36:15.

Petitioner's habeas counsel, Mr. Multani, now argues that the hearing did not comply with the Court's July 22, 2026, Order that required the Government to prove by clear and convincing evidence that Petitioner was a flight risk or danger to the community. Dkt. 13. Petitioner's habeas counsel further argues that notice of the "habeas corpus bond hearing" was directed to an attorney that did not have familiarity with Petitioner's habeas proceeding or the facts relating to Petitioner's detention, and, as contemplated by the habeas proceedings, he was prepared to submit rebuttal evidence, including the Petitioner's circumstances surrounding his

OREC violations, his lack of criminal history, his residence and ties in Washington, his pending asylum application, his pending visa petition, and his voluntary appearances and compliance with his prior release on recognizance and Alternatives to Detention program, among other evidence. Dkt. 13; Dkt. 13-2 at ¶ 10.

## II. DISCUSSION

Federal courts possess authority to enforce their judgments, including by ordering a party to perform a specific act required by the judgment. That authority permits a court to ensure compliance with the relief it previously ordered. Fed. R. Civ. P. 70(a); *Rose v. Guyer*, 961 F.3d 1238, 1245 (9th Cir. 2020).

"In modern habeas practice, courts often 'employ a conditional order of release,' which orders the [G]overnment to release the petitioner unless it 'takes some remedial action' that corrects" the Government's violation of the law. *Cardozo v. Bostock*, No. 2:25-CV-00871-TMC, 2025 WL 2592275, at *2 (W.D. Wash. Sept. 8, 2025) (quoting *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008)). Upon the filing of a motion to enforce a conditional writ, "a district court must decide whether [the Government] has complied with the remedy designed by the district court in the underlying habeas proceedings." *Rose*, 961 F.3d at 1246.

Petitioner asks this court to review whether Respondents complied with the Court's July 22, 2026, Order. To cure Respondents' due process violation, the Order contemplated an individualized hearing at which Petitioner would have a meaningful opportunity to be heard.

The Court finds that Petitioner has not received the benefit of the habeas Order, and the original constitutional violation on which the Order was predicated remains uncured. It appears that the relief contemplated by the Order was not provided due to an unfortunate and extraordinary constellation of circumstances that are limited to this particular case. Rather, this

Court's Order included a 7-day deadline, and the IJ endeavored to adhere to that deadline, which unintentionally, but constructively, prevented Petitioner from receiving a meaningful opportunity to be heard. In doing so, the Court finds Petitioner was deprived of the substance of the relief the Order contemplated.

Because these circumstances cannot be fully attributed to the Government or its noncompliance, the Court declines to enforce the conditional writ by granting immediate release and instead directs the Government to provide the relief contemplated by the initial Order: a bond hearing at which Petitioner has a meaningful opportunity to be heard. Dkts. 10, 11.

## III. CONCLUSION

In light of the foregoing, the Court **ORDERS** as follows:

(1) The Motion (Dkt. 13) is **GRANTED IN PART**;

(2) Respondents **SHALL provide** Petitioner with an individualized bond hearing, on adequate notice to Petitioner and his appropriate counsel, before an Immigration Judge **within fourteen days of this Order** *unless the hearing is continued at the Petitioner's request*. The Government **SHALL bear** the burden of proof by clear and convincing evidence that Petitioner poses a risk of flight or danger to the community, and the Government **SHALL create** a neutral contemporaneous record of the proceeding;

(3) If a bond hearing is not provided within fourteen days of the date of this Order, or within a period of continuance requested by Petitioner, Respondents **SHALL release** Petitioner subject to reasonable conditions of supervised release **no later than the fifteenth day after the date of this Order or the day following a period of continuance requested by Petitioner**;

(4) Respondents **SHALL file** a declaration with the Court confirming that Petitioner received a bond hearing—and the results of that hearing—or otherwise confirming Petitioner's request for a continuance or his release by **December 2, 2026;**

(5) If the bond hearing is continued at Petitioner's request, Respondents **SHALL file** a supplemental declaration confirming that Petitioner received a bond hearing—and the results of that hearing—or otherwise confirming Petitioner's release **within two days of the date of the continuance**.

Finally, the Court will entertain any post-judgment motion for attorney's fees, as requested in the Petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 16th day of November, 2026.

Grady J. Leupold
United States Magistrate Judge